UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIE ALSANDERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:14-CV-1863 JD |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Willie Alsanders, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 14-01-134) held on February 5, 2014, where he was found guilty of Abusive Sexual Assault in violation of B-204 and sanctioned with the loss of 90 days earned credit time and demoted from credit class 2 to 3 by the Disciplinary Hearing Body (DHB) at the Westville Correctional Facility. In his habeas corpus petition, Alsanders argues that there was insufficient evidence to find him guilty and complains that he was denied the right to confront his accuser.

In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Here, Alsanders acknowledges that the victim offender told officers that Alsanders made sexual proposals towards him and grabbed his genitals. This accusation is in the conduct report and Alsanders recognizes that this information was considered by the DHB. However, Alsanders complains that the victim was lying and that there was no corroborating physical evidence to support the DHB's decision. However, corroborating evidence is unnecessary; even a conduct report alone

can provide evidence sufficient to support the finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Hill,* 472 U.S. at 457. (quotations marks and citation omitted). Thus, it is not for this court to decide whether to believe the victim who reported the harassment of Alsanders. The DHB believed the victim and "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* Alsanders argues that no one witnessed these incidents, but the offender says he was there and he is a witness. That victim's statement and the confidential investigation file are sufficient evidence to find Alsanders guilty of sexual abuse.

Next, Alsanders complains that he was denied the right to question the victim offender at the hearing, even though he requested to do so. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Unlike a criminal defendant, a prisoner has no right to confront adverse witnesses or evidence at a disciplinary hearing. *Wolff*, 418 U.S. at 568; *see also White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). To the extent Alsanders is arguing that he had a right to confront adverse witnesses at the disciplinary hearing, he is incorrect. The formal rules of evidence do not apply to prison disciplinary proceedings, and there is no due process right to confront or cross-examine witnesses. *Wolff*, 418 U.S. at 566; *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003).

Next, Alsanders argues that he was not shown all of the evidence against him. This is not a

basis for habeas corpus relief. "[D]isciplinary boards need not place on the record all of the evidence that influences their decisions [because] considerations of institutional security may militate against full disclosure." *White*, 266 F.3d at 767. Such is the case here. The court has reviewed the confidential investigation file and agrees that it should be "withheld from the prisoner and the public," *id.*, for reasons of institutional security. Nevertheless, a review of the sealed file demonstrates that there is more than sufficient evidence for the DHB to have found Alsanders guilty of sexual assault.

Finally, in his traverse, he for the first time argues that he was charged with the wrong code number. He points out that he was charged with B-204, Abusive Sexual Contact Against Staff, when he should have been charged with B-206, Abusive Sexual Contact Against Another Offender. A traverse is not the place to be asserting new claims for the first time. See RULE 2(C)(1) OF THE RULES GOVERNING SECTION 2254 CASES (providing that all grounds for relief must be contained in the petition). Nevertheless, this claim is without merit. It is the factual basis of the charge, not the name of it or the code number assigned to the violation that is relevant. *See Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003). Here, the facts presented in the Conduct Report clearly state that Alsanders' conduct was directed at another offender. (DE 8-1 at 1.) Therefore, this is not a basis for habeas corpus relief.

For these reasons, the petition for a writ of habeas corpus is **DENIED**.

SO ORDERED.

ENTERED: September 10, 2015

                                                     /s/ JON E. DEGUILIO
                                                  Judge
                                                United States District Court